1

2

3

4                                 UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7       UNITED STATES OF AMERICA,                    Case No. 3:20-cr-00108-JD-6

8                    Plaintiff,

9              v.                                    **ORDER RE REDUCTION OF
                                                     SENTENCE**
10      COSTELLO,

11                   Defendant.

12

13             Defendant Dionysius Costello has served approximately 20 months of a 54-month

14      custodial sentence for conspiracy to commit wire fraud and bank fraud, bank fraud, and

15      aggravated identity theft, in violation of 18 U.S.C. §§ 1349, 1344(1), and 1028A(a)(1). *See* Dkt.

16      No. 397 at 24. He filed pro se a request to reduce his sentence based on Part A of Amendment

17      821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). *Id.* The Office of the Federal

18      Public Defender has advised the Court that it will not represent Costello for the motion, Dkt. No.

19      398, and the United States opposes Costello's motion, Dkt. No. 399. The request is denied.

20             The reason for the denial is straightforward. To start, Costello pleaded guilty to Counts

21      One, Nine, and Twenty-Two of the Superseding Indictment, Dkt. No. 286, and was sentenced to a

22      term of imprisonment of 54 months, Dkt. No. 386 at 17. He received 30 months for Counts One

23      and Nine, to be served concurrently, and a mandatory minimum consecutive sentence of 24

24      months for Count Twenty-Two. *Id.* Sentences subject to a statutory mandatory minimum are not

25      eligible for reduction under Section 3582(c). *See U.S. v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir.

26      2009), *as amended* (Aug. 6, 2009) (per curiam) (collecting cases). Because Count Twenty-Two

27      carried a mandatory minimum consecutive sentence, it was excluded from the guideline

28      calculation at sentencing, and is excluded now. *See* USSG § 2B1.6 (providing that Chapters Three

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and Four of the Sentencing Guidelines do not apply to Section 1028A violations, and that "the

2    guideline sentence is the term of imprisonment required by statute"); Dkt. No. 386 at 13:8-13:11

3    (calculating the adjusted offense level and guidelines range for Counts One and Nine only).

4         The remaining issue is whether his sentence should be reduced with respect to the 30

5    months he received for Counts One and Nine.  Retroactive guideline amendments will not reduce

6    a sentence that is already "less than the minimum of the amended guideline range." *Dillon v.*

7    *United States*, 560 U.S. 817, 827 (2010).  At sentencing, Costello received 2 criminal history

8    points for two prior DUI offenses, Dkt. No. 373 (adopting the presentence investigation report),

9    Dkt. No. 345 ¶ 57, and 2 additional status points for committing the instant offense while under a

10   criminal justice sentence,  Dkt. No. 345 ¶ 58.  With 4 criminal history points, he was placed in

11   criminal history category III, Dkt. No. 386 at 13, and sentenced to a term of imprisonment of 30

12   months for Counts One and Nine, *id*. at 17.  Under Part A to Amendment 821 in the Sentencing

13   Guidelines, Costello would no longer receive 2 additional status points, yielding a criminal history

14   category of II, instead of III.  His new criminal history category corresponds to a guideline range

15   of 37 to 46 months.  30 months is below this range, and Costello is ineligible for a sentence

16   reduction.  *Dillon*, 560 U.S. at 827.

17        **IT IS SO ORDERED.**

18   Dated:  August 15, 2024

19

20   _____

21   JAMES DONATO
     United States District Judge

22

23

24

25

26

27

28